IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN BAZY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 02-4665 |
| | : | |
| WAL-MART STORES INC., | : | |
| | : | |
| Defendants. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT WAL-MART STORES, INC. TO PLAINTIFF'S COMPLAINT

Defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), by its undersigned counsel, answers to the Complaint of plaintiff Susan Bazy as follows:

1. The allegations in paragraph 1 are denied except to the extent that plaintiff purports to assert such claims in this case. Wal-Mart denies that plaintiff has a valid claim or is entitled to any relief under any of the statutes cited, including the relief sought.

2. The allegations in paragraph 2 state conclusions of law to which no response is required and are therefore denied.

3. The allegations in paragraph 3 state conclusions of law to which no response is required and are therefore denied.

4. The allegations in paragraph 4 state conclusions of law to which no response is required and are therefore denied.

5. The allegations in paragraph 5 state conclusions of law to which no response is required and are therefore denied.

6. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and the same are denied.

7. Wal-Mart admits that it employs more that fifty persons and that it operates a store at Franklin Mills Mall in Philadelphia, Pennsylvania. The remaining allegations of paragraph 7 are denied.

8. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff has Organic Brain Syndrome, major depression or brain damage and the same are denied. The remaining allegations of paragraph 8 are denied.

9. The allegations in paragraph 9 state conclusions of law to which no response is required and are therefore denied. To the extent that paragraph 9 contains averments of fact, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and the same are denied.

10. Wal-Mart admits that it owns and operates retail stores throughout the United States of America.

11.-12. Wal-Mart admits that it owns and operates stores in Plano, Texas and Philadelphia, Pennsylvania. Wal-Mart admits that it employed plaintiff at its store in Plano, Texas from February of 1998 to September of 1998, and that it employed plaintiff at the Franklin Mills Mall store in Philadelphia, Pennsylvania from August 1999 to October 1999.

13. The allegations in paragraph 13 state conclusions of law to which no responses is required and are therefore denied.

14.-21. The allegations of paragraphs 14 through 21 are denied.

## COUNT I
## AMERICANS WITH DISABILITIES ACT

22. Wal-Mart incorporates herein by reference the responses to paragraphs 1 through 21 above as though set forth in full.

23. The allegations in paragraph 23 are denied as conclusions of law and as a matter of fact.

24. The allegations in paragraph 24 are denied as conclusions of law and as a matter of fact.

25. The allegations in paragraph 25 are denied as conclusions of law and as a matter of fact.

26. The allegations in paragraph 26 are denied as conclusions of law and as a matter of fact.

27. The allegations in paragraph 27 are denied as conclusions of law and as a matter of fact.

## COUNT II
## PENNSYLVANIA HUMAN RELATIONS ACT

28. Wal-Mart incorporates herein by reference the responses to paragraphs 1 through 27 above as though set forth in full.

29. The allegations in paragraph 29 are denied as conclusions of law and as a matter of fact.

30. The allegations in paragraph 30 are denied as conclusions of law and, upon information and belief, as a matter of fact.

31. The allegations in paragraph 31 are denied as conclusions of law and, upon information and belief, as a matter of fact.

32. The allegations in paragraph 32 are denied as conclusions of law and as a matter of fact.

33. The allegations in paragraph 33 are denied as conclusions of law and as a matter of fact.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part by the applicable statute of limitations, the doctrine of laches and/or the doctrines of estoppel and waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages and/or is not entitled to compensatory or punitive damages.

### FOURTH AFFIRMATIVE DEFENSES

This Court lacks subject matter jurisdiction over any claim that may be stated in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the relief sought.

### SIXTH AFFIRMATIVE DEFENSE

At all material times, Wal-Mart acted in good faith towards plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Wal-Mart did not violate any duty to or right of plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

If plaintiff suffered any damages or losses, such losses were caused, in whole or in part, by plaintiff's own conduct, acts or omissions.

### NINTH AFFIRMATIVE DEFENSE

Any damage suffered by plaintiff, the existence of which is denied, was caused by persons other than Wal-Mart, outside of its control, and for whom it is not responsible.

### TENTH AFFIRMATIVE DEFENSE

At all times, any actions taken with respect to plaintiff were undertaken for legitimate business reasons unrelated to her alleged disability.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Pennsylvania Workers' Compensation Act.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust her administrative remedies.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for disability discrimination are barred because she is not disabled, does not have a record of disability, is not a qualified individual with a disability, and/or is not substantially limited in any major life activity.  Plaintiff's claims are also barred because she failed to request a reasonable accommodation, failed to engage in the interactive process, and unreasonably failed to take advantage of corrective and preventive opportunities provided by Wal-Mart.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief for any period she has been unwilling to work or unable to work due to her alleged disability.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial on some or all of the asserted claims.

WHEREFORE, Wal-Mart requests that the Complaint be dismissed and that judgment be entered in its favor against plaintiff, including an award to Wal-Mart of the costs, attorneys' fees and expenses of this action and such other relief as this Court may deem just and proper.

Dated: September_____, 2002

_____
Charisse R. Lillie (I.D. No. 24795)
David S. Fryman (I.D. No. 57623)
Lucretia C. Clemons (I.D. No. 83988)

Attorneys for Defendant
Wal-Mart Stores, Inc.

OF COUNSEL:
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Phone: (215) 665-8500

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN BAZY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 02-4665 |
| | : | |
| WAL-MART STORES INC., | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Lucretia C. Clemons, hereby certify that on this date I served a copy of the foregoing Answer and Affirmative Defenses of Defendant Wal-Mart Stores, Inc. to Plaintiff's Complaint, via first-class mail, postage prepaid, upon the following:

Jacqueline M. Vigilante
The Vigilante Law Firm, P.C.
8D High Street
Mullica Hill, NJ 08062


Dated:  September __ , 2002         _____
                                                                            Lucretia C. Clemons